IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRENT MOSER** | ) | |
| | ) | |
| v. | ) | 3-08-CV-877-N |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a person convicted of an offense under Texas state law pursuant to 28 U.S.C. § 2254.[1]

**Statement of the Case**: After having pleaded guilty to possession of a controlled substance as alleged in the indictment returned in No. F-04-3267-N, Moser was sentenced to a term of 25 years imprisonment by the state trial court. He appealed his conviction and sentence which were affirmed by the Fifth Court of Appeals at Dallas in an unpublished opinion issued on December 19, 2005. He did not file a petition for discretionary review, but filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, in the convicting court on August 17,

---

[1]Petitioner was apparently released on parole sometime during the time frame in which his second art. 11.07 application was pending and he remains on parole at the present time. *See* letter to Court of Criminal Appeals dated December 14, 2007. However, the fact that he was released on parole prior to the filing of his first petition does not defeat the "in custody" requirement of § 2254. *See Malang v. Cook,* 490 U.S. 488, 491 (1989).

2006, which was *dismissed* by the Texas Court of Criminal Appeals on August 8, 2007. Moser filed a second art. 11.07 application on October 1, 2007, which was *denied* by the Court of Criminal appeals on December 12, 2007. He then filed the present § 2254 petition in the United States District Court for the Southern District of Texas, Houston Division on February 14, 2008. The Houston court transferred the petition to this court on May 23, 2008.

**Findings and Conclusions**: In response to Moser's petition and this court's show cause order Respondent filed copies of Petitioner's prior state proceedings along with his answer, initially arguing that the petition is time-barred. Given the date on which the petition was filed in the Southern District of Texas, it is clear that the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") apply.

The AEDPA imposes a one-year limitation period within which a state prisoner is required to seek federal habeas corpus relief. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Based upon the nature of the claims asserted the date on which Moser's conviction became final is the date which informs when the limitation period commenced to run. § 2244(d)(1)(A).

Respondent submits that the conviction became final on January 18, 2006, the last date on which Petitioner could have filed a petition for discretionary review in the Court of Criminal Appeals following the Fifth Court of Appeals' judgment affirming his conviction. *See* Tex.R.App.Proc. 68.2. The affidavit of Deputy Clerk Louis Pearson confirms that Moser never filed a petition for discretionary review. *See* Exhibit A attached to answer. However, it appears that he was granted an extension of time to file a petition until March 20, 2006,[2] and therefore the one-year

---

[2]*See* Fifth District Court of Appeals No. 05-05-00177-CR, http://www.courtstuff.com/FILES/5/05/05050177.HTM

2

statute began to run on March 21, 2006.

Moser filed his initial art. 11.07 application on August 17, 2006. The filing of a properly filed application for State post-conviction review tolls the running of the one-year period. § 2244(d)(2). On the other hand, an application which is not "in compliance with the applicable [State] laws and rules governing filings, "*See Artuz v. Bennett*, 531 U.S. 4, at 8, 121 S.Ct. 361 (2000), does not satisfy the prerequisite of § 2244(d)(2) that the application - claimed to toll the running of limitations - be "properly filed." *See Larry v. Dretke*, 361 F.3d 890, 894-96 (2004). An examination of his art. 11.07 application reflects that the state trial court recommended that it be dismissed for failure to comply with Rule 73.1, Texas Rules of Appellate Procedure, and that the Court of Criminal Appeals *dismissed* the application because it was noncompliant with the rule. *See* App. No. WR-68,091-01, at 34 and at cover. Therefore, the filing of his first art. 11.07 application was ineffective in tolling the one-year period.

His second art. 11.07 application was filed on August 28, 2007, well beyond the expiration of the limitation period and therefore merits review of his petition is barred absent application of equitable tolling.[3] The state record raises some concern with respect to the handling of Petitioner's first art. 11.07 application. It was filed in the convicting court when less than five months of the one-year period had elapsed. However, by the time it was dismissed as being noncompliant more than sixteen months had passed from the date his cocaine possession conviction became final. Although the judge who presided over Moser's guilty plea left office no later than January 2007,

---

[3]The doctrine of equitable tolling remains viable in the Fifth Circuit. *United States v. Petty,* 530 F.3d 361, 364 and n. 5 (5th Cir. 2008). However, Moser did not seek its application in his original petition filed in the Southern District of Texas, nor did he file a reply to Respondent's assertion that merits review of his petition was barred by limitations.

after having been defeated for re-election, there is nothing in the record which explains the additional six-month delay before the trial court filed of its findings and conclusions. On the other hand Moser was clearly placed on notice of the State's position that his application did not comply with Rule 73.1, the view adopted in the trial court's findings and confirmed by the Court of Criminal Appeals in its order of dismissal. *See* No. WR-68,091-01, *supra*, at 029-031. Rather than filing a compliant application which corrected the deficiencies pointed out in the State's response, Petitioner elected to take the contrary view that "Procedural defects, if any, should not stand in the way of valid issues ..." *Id.* at 032. Mere ignorance is not a basis for application of equitable tolling, *e.g. Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999), nor is the indomitable ignorance exhibited by Petitioner.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court find that merits review of the grounds presented in the petition is barred by limitations and that it be dismissed and denied.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 5th day of December, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and

conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.